UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

KIMBERLY GRAHAM,

    Plaintiff,                                                                    Case No.:

v.

SAINT LUCIE COUNTY

    Defendant.

_____/

**COMPLAINT**

**COMES NOW**, Plaintiff, KIMBERLY GRAHAM (hereinafter "Plaintiff"), by and through her undersigned counsel, hereby sues Defendants, SAINT LUCIE COUNTY ("ST. LUCIE COUNTY"), for injunctive relief pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 to 12213, (hereinafter "ADA"), the ADA's Accessibility Guidelines, and 28 C.F.R. § 35.140.

**PARTIES, JURISDICTION, AND VENUE**

1.    This is an action for damages in excess of Thirty Thousand dollars ($30,000), exclusive of interest, attorneys' fees, and costs.

2.    Plaintiff is a resident of St. Lucie County, Florida and is otherwise sui juris.

3.    ST. LUCIE COUNTY is a government agency operating in St. Lucie County, Florida, and is otherwise sui juris.

4.    This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§ 1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12101 to 12213, based on ST. LUCIE COUNTY's violations of Title II of the ADA.

1

5. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

6. All conditions precedent to filing this lawsuit have been performed, waived, or otherwise satisfied.

7. On April 21, 2021, Plaintiff timely filed a Charge of Discrimination with the Equal Opportunity Commission ("EEOC").

8. On or about May 28, 2021, the EEOC issued Plaintiff a Notice of Right to Sue. This Complaint has been filed within 90 days of receipt of that notice. Plaintiff has fully complied with all prerequisites to jurisdiction under this Court under the ADA.

9. Contemporaneously with the filing of this Complaint, Plaintiff has mailed a copy to the Florida Commission on Human Relations, thereby satisfying the notice requirements of Florida Statute.

## GENERAL ALLEGATIONS

10. On or about July 17, 2017, Plaintiff began working for ST. LUCIE COUNTY as County Engineer.

11. During her tenure, Plaintiff's work performance met or exceeded ST. LUCIE COUNTY's legitimate expectations. Plaintiff's reviews of her performance were consistently excellent, including Donald West, Public Works Director, her supervisor, describing Plaintiff in her evaluation as "an effective team player who adds complementary skills and contributes valuable ideas, opinions, and feedback." *See Performance Evaluation on January 13, 2019*.

12. On or about November 6, 2020, Plaintiff suffered substantial injuries when she fell from her roof, making her a qualified individual with a disability under the Americans with Disabilities Act of 1990, as amended. As a result of Plaintiff's disability, major life activities were

significantly limited. Plaintiff experienced extensive injuries to her head and face, including but not limited to multiple broken facial bones and injuries, mild traumatic brain injury, broken right elbow, broken left hip and multiple fractures of the left femur and other associated injuries.

13. At the time of her accident, Plaintiff was a productive, respected employee in good standing with ST. LUCIE COUNTY as the County Engineer for Saint Lucie County, Florida.

14. Following her accident, Plaintiff went on approved sick leave to recover and undergo multiple surgeries.

15. Plaintiff's physicians deemed her physically unable to return to work due to the injuries for which she was recovering. As a result of this, Plaintiff requested reasonable accommodations from ST. LUCIE COUNTY for her disability in the form of donated sick leave. *See* **Exhibit "A"**.

16. When Plaintiff's sick leave was exhausted, she was informed by Kara DePasquale, Human Resources Risk Manager for St. Lucie County, on or about January 29, 2021, that she had received fifteen (15) additional weeks of donated sick leave from her colleagues at the initiation of the Human Resources Department and that she did not have to do anything regarding short-term disability or securing her job.

17. Plaintiff relied on the representations of the Human Resources staff at St. Lucie County. Plaintiff's accumulated/donated leave would have expired on or about May 3, 2021. When donated sick leave time runs out, ST. LUCIE COUNTY business practice is to issue a second request for donations from ST. LUCIE COUNTY staff. Plaintiff should have been given the ability to receive additional donated sick leave following May 3.

18. Defendants now claim Plaintiff's allowable time off under Family Medical Leave Act (FMLA) expired on February 5, 2021.

19. On February 18, 2021, Plaintiff received a call and email from the Assistant Human Resources Director, Shanelle Tomlin, advising her that she was on unprotected, unpaid leave. *See* **Exhibit "B"**.

20. Director, Donald West, acting as an agent of St. Lucie County, made the decision to give Plaintiff the option to either apply for short-term disability or resign or be terminated. Donald West decided he could not wait for Plaintiff to return because her position was too important. However, the position continues to remain vacant.

21. Plaintiff was only given a few hours on or about February 22, 2021, to make a decision, regarding her career and recovery.

22. Plaintiff has previously initiated complaints against her superior, Donald West, the Public Works Director, for unprofessional conduct.

23. Plaintiff is not the first employee of ST. LUCIE COUNTY to need long-term rehabilitation or be the recipient of donated time to extend protected, paid leave.

24. While other ST. LUCIE COUNTY employees have been permitted extended leave, including the Assistant County Attorney and the Assistant IT Director, Plaintiff received threats of termination for nearly identical sets of circumstances.

25. Plaintiff justifiably relied on communications with agents of St. Lucie County that she would have the benefit of the fifteen (15) weeks leave that was donated by her colleagues, and additional requests for donated sick leave if needed, which she was eligible to receive under the Employee Guidelines. *See* **Exhibit C.**

26. Under Section 4.13.00(1) of the Employee Guidelines, "shared sick leave is a

voluntary program in which County employees can donate accumulated sick leave to fellow County employees who are unable to perform their duties due to serious medical conditions and are currently on continuous approved medical leave covered under FMLA." *See* **Exhibit "C"**.

27. The Employee Guidelines further elaborate in Section 4.13.00(4) that the maximum number of shared sick leave days is 240 days. Plaintiff was donated shared sick leave days by her coworkers for fifteen (15) weeks, which is the equivalent of approximately 75 sick leave days.

28. From the time Plaintiff was notified of her additional donated fifteen (15) weeks of sick leave on January 29, 2021, to the time she was notified that she was on unprotected leave on February 18, 2021, Plaintiff had only used approximately 14 of her 75 days of donated sick leave.

29. On March 2, 2021, Plaintiff received a termination of employment letter from Douglas Baber, Human Resources and Risk Management Director, in his capacity as an employee and/or agent of St. Lucie County, stating that she had not returned to work nor provided the County with a return-to-work date, which is contradictory to the agreed upon donated sick leave. *See* **Exhibit "D"**.

30. This contradicted earlier conversation with Kara DePasquale, Human Resources Risk Manager for St. Lucie County, on or about January 29, 2021, which stated Plaintiff did not need to do anything regarding her sick leave.

31. At this time, Plaintiff wished to use this donated sick leave and return to full-time employment with ST. LUCIE COUNTY without having to re-apply for an open position in the County, as suggested in Douglas Baber's Termination of Employment letter to Plaintiff. *See* **Exhibit "D".**

32. Plaintiff would have been able to return to work, but required a reasonable

accommodations, including, but not limited to, extended, temporary leave, as authorized and permitted under ST. LUCIE COUNTY's policies and historical practices.

33. But for Donald West's attempt to surreptitiously seize this opportunity to retaliate against Plaintiff for prior internal conflicts and/or complaints regarding his unprofessional behavior, Plaintiff would have been able to remain an employee in good standing with Defendant.

## COUNT I – FAILURE TO ACCOMMODATE
### (SAINT LUCIE COUNTY)

Plaintiff, KIMBERLY GRAHAM, re-alleges and re-adopts the allegations as set forth in paragraphs 1 through 33 above, and incorporates the same as if specifically set forth herein below.

34. Plaintiff became a person with a disability as defined by 42 U.S.C.A. § 12111 of the ADA when she fell from her roof on November 6, 2020.

35. Plaintiff was deemed unable to return to work after being hospitalized and undergoing rehabilitative procedures.

36. As a result of her disability, other employees at St. Lucie County donated a total of fifteen (15) weeks leave.

37. Plaintiff reasonably relied on the statements of Kara DePasquale, Human Resources Risk Manager for St. Lucie County, that she had been donated fifteen (15) weeks leave to her detriment.

38. While acting in his capacity as an employee and/or agent of St. Lucie County, Douglas Baber's ultimatum that Plaintiff would have to apply for short-term disability and resign or be terminated is a blatant violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 *et seq*.

39. The ADA prohibits discrimination against individuals with disabilities in all areas of public life, including jobs, schools, transportation, and all public and private places that are open to the general public.

40. Douglas Baber, acting on behalf of ST. LUCIE COUNTY, knew of Plaintiff's disability and did not reasonably accommodate her based on her needs.

41. Further, ST. LUCIE COUNTY through its agents knew of the donated fifteen (15) weeks leave and still made the decision to give Plaintiff an ultimatum.

42. According to Section 4.13.01(6) of the Employee Handbook of ST. LUCIE COUNTY, "employees who are eligible to be paid for unused sick leave may donate unused sick leave to an employee up to their last day of work."

43. Despite this, ST. LUCIE COUNTY, through its agents, still decided to act incongruous with the Employee Handbook and failed to accommodate Plaintiff with the donated leave she was rightfully given and entitled, contrary to Americans with Disabilities Act, 42 U.S.C. §§ 12181 *et seq*.

44. Plaintiff is now damaged as a result of her reliance on the statements of ST. LUCIE COUNTY's agents and/or employees, and ST. LUCIE COUNTY's failure to accommodate her based on ADA guidelines.

**WHEREFORE**, Plaintiff, KIMBERLY GRAHAM, respectfully requests that this Court issue a judgment in her favor and against Defendant, ST. LUCIE COUNTY, for damages incurred by Plaintiff, together with interest, court costs, as well as her costs and attorneys' fees, and such other relief as is deemed proper with this Honorable Court.

### COUNT II – WRONGFUL TERMINATION
### (SAINT LUCIE COUNTY)

Plaintiff, KIMBERLY GRAHAM, re-alleges and re-adopts the allegations as set forth in paragraphs 1 through 33 above, and incorporates the same as if specifically set forth herein below.

45. Plaintiff is a member of a protected class due to her serious injuries incurred during her fall.

46. Further, in accordance with Section 4.13.02(2)(b) of the Employee handbook, Plaintiff's medical condition has been substantiated by a licensed physician's certification stating that she has a medical condition, which prevents her from performing assigned duties and placing her on continuous medical leave.

47. Plaintiff was continuously seeing multiple doctors, including a neurologist, ENT, myofascial doctor, and her primary care physician, for the head injuries caused by her fall and had planned to return to her position under the guidance of her treating physicians.

48. Plaintiff was a hardworking employee in good standing for ST. LUCIE COUNTY as the County Engineer at the time of her injury.

49. Plaintiff's position was intended to remain open during her recovery due to her donated fifteen (15) weeks of leave.

50. ST. LUCIE COUNTY was fully aware of the donated time, yet still sent Plaintiff a termination of employment letter on March 2, 2021, denying Plaintiff of her right to her continued employment as County Engineer.

51. Plaintiff faces discrimination from ST. LUCIE COUNTY, as other employees have been granted leave for disabilities, through the use of donated time, without experiencing any of the consequences Plaintiff now suffers from.

**WHEREFORE**, Plaintiff, KIMBERLY GRAHAM, respectfully requests that this Court issue a judgment in her favor and against Defendant, ST. LUCIE COUNTY, for damages incurred by Plaintiff, together with interest, court costs, as well as her costs and attorneys' fees, and such other relief as is deemed proper with this Honorable Court.

<b><u>COUNT III – RETALIATION</u></b><br><b>(ST. LUCIE COUNTY)</b>

Plaintiff, KIMBERLY GRAHAM, re-alleges and re-adopts the allegations as set forth in paragraphs 1 through 33 above, and incorporates the same as if specifically set forth herein below.

52. Plaintiff engaged in protected conduct when she notified ST. LUCIE COUNTY of her injuries and disability.

53. Further, Plaintiff justifiably relied on statements of Kara DePasquale, Human Resources Risk Manager, acting on behalf of ST. LUCIE COUNTY, that she would be receiving fifteen (15) weeks of leave.

54. Director, Donald West, in his capacity as agent and/or employee of ST. LUCIE COUNTY, made the decision to give Plaintiff the option to either apply for short-term disability and resign or be terminated after already receiving her fifteen (15) weeks of donated leave.

55. Donald West took this opportunity to retaliate against Plaintiff during her most difficult time, for her prior complaints regarding his unprofessional behavior.

56. The retaliation at the hands of Donald West began when Plaintiff sent a memorandum on March 29, 2019, regarding Ms. Jennifer Krause's behavior of creating friction within the Engineering Division. In the memorandum, Plaintiff addressed Ms. Krause providing "Donald West with inaccurate, misleading, and partial information for the sole purpose of creating issues and tension."

57. Plaintiff further expressed her concern in another memorandum on January 13, 2020, where she stated Donald West was acting with "incomplete and/or inaccurate information and there [was] no desire or willingness to collect information or facts." Plaintiff formally stated that this memorandum was her official notification of retaliation and harassment by Mark Satterlee, Deputy County Administrator and Donald West, Public Works Director. The retaliation of Plaintiff on behalf of ST. LUCIE COUNTY commenced long before Plaintiff suffered from her injuries. Donald West, acting on behalf of ST. LUCIE COUNTY now had an opportunity to retaliate for Plaintiff's memorandum.

58. Donald West's actions forced Plaintiff to make a fast decision regarding her employment status, which now leaves Plaintiff damaged and without work.

59. Plaintiff previously loved her job as County Engineer and at the time, wished to return to work under the guidelines of her neurologist.

60. Donald West's retaliative and deceptive actions created a causal nexus between Plaintiff's protected conduct of receiving donated leave for her disability and inevitably being forced to resign from her beloved position.

61. As Donald West's employer, ST. LUCIE COUNTY is vicariously liable for his tortious conduct in retaliating against Plaintiff, by way of preventing Plaintiff from using her fifteen (15) weeks of donated sick leave, despite explicit directions from the Employee Handbook, along with statutory and ADA guidelines.

62. At all material times, Donald West was acting in his capacity as an employee and/or agent of ST. LUCIE COUNTY.

63. Further, Donald West's materially adverse actions made Plaintiff choose between resigning or constantly watching her back, given the opportunity to return to work upon clearance by her doctors.

64. In the Employee Handbook, ST. LUCIE COUNTY provides a Code of Conduct, which contains a quote that states, "Do the right thing, for the right reason and in the right way." On the same page, the Code of Conduct asks employees to "have concern for members of the organization and community," and to "employ the highest ethical standards, demonstrating honesty and fairness." *See* **Exhibit C**.

65. Donald West acted with blatant disregard to the Employee Handbook's Code of Conduct in restricting Plaintiff's use of her donated sick leave. Instead, he saw an opportunity to retaliate against Plaintiff, using his position as Director for ST. LUCIE COUNTY to do so.

66. Plaintiff feared this would not be the end of Donald West's wrath, which dissuaded her from returning to her position as County Engineer, given the opportunity to return to work upon clearance by her doctors.

**WHEREFORE**, Plaintiff, KIMBERLY GRAHAM, respectfully requests that this Court issue a judgment in her favor and against Defendant, ST. LUCIE COUNTY, for damages incurred by Plaintiff, together with interest, court costs, as well as her costs and attorneys' fees, and such other relief as is deemed proper with this Honorable Court.

## COUNT IV – BREACH OF CONTRACT
### (ST. LUCIE COUNTY)

Plaintiff, KIMBERLY GRAHAM, re-alleges and re-adopts the allegations as set forth in paragraphs 1 through 33 above, and incorporates the same as if specifically set forth herein below.

67. As an employee of ST. LUCIE COUNTY, Plaintiff entered into a contract for employment with ST. LUCIE COUNTY and is required to abide by the rules of the Employee Handbook, thereby incorporating the terms thereof into the terms of employment.

68. Plaintiff performed in accordance with the rules of the Employee Handbook, specifically with Section 4.13.01(2), which states, "the recipient must be on approved continuous leave at the time of the donation due to a serious medical condition." Plaintiff was on approved continuous leave after suffering substantial injuries at the time she was donated shared sick leave by her co-workers. *See* **Exhibit C**.

69. Despite Plaintiff fully performing, ST. LUCIE COUNTY breached their contract with Plaintiff by giving Plaintiff the option to either apply for short-term disability or resign or be terminated, rather than use the shared sick leave that was donated to her by her fellow employees and to which she was entitled to use pursuant to the terms of the Employee Handbook.

70. Under the terms of the Employee Handbook Section 4.12.01(10), Plaintiff is entitled to be paid during any type of sick or vacation leave until that leave is exhausted. This is contrary to the termination of employment letter Plaintiff received from Douglas Baber stating that she had not returned to work nor provided the County with a return-to-work date, which is contradictory to the agreed upon donated sick leave.

71. ST. LUCIE COUNTY's breach of contract has caused Plaintiff to suffer monetary damages during this exceedingly difficult time.

72. By terminating Plaintiff's employment, ST. LUCIE COUNTY acted in breach of the terms of Plaintiff's Employment Contract, leaving Plaintiff significantly damaged and without the income she was entitled to under the donated sick leave.

**WHEREFORE**, Plaintiff, KIMBERLY GRAHAM, respectfully requests that this Court issue a judgment in her favor and against Defendant, ST. LUCIE COUNTY, for damages incurred by Plaintiff, together with interest, court costs, as well as her costs and attorneys' fees, and such other relief as is deemed proper with this Honorable Court.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

Respectfully submitted,

**DI PIETRO PARTNERS, PLLC**
901 East Las Olas Blvd, Suite 202
Fort Lauderdale, FL 33301
*Primary Email Address:*
service@ddpalaw.com
*Secondary Email Address:*
paralegal@ddpalaw.com
Telephone: (954) 712-3070
Facsimile:  (954) 337-3824

/s/   Nicole Martell
**DAVID DI PIETRO, ESQ.**
Florida Bar No.: 10370
david@ddpalaw.com
**NICOLE MARTELL, ESQ.**
Florida Bar No.: 100172
nicole@ddpalaw.com